IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-cv-00158-BO-KS

SHENNA COLES, *as representative of the estate of Sheila Washington*,
Plaintiff,

v.

KONINKLIJKE PHILIPS N.V., *et al.*,
Defendants.

ORDER

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction [DE 10]. For the following reasons, the motion is denied.

## BACKGROUND

This product liability suit stems from injuries suffered by the decedent, Sheila Washington. The complaint alleges that Washington purchased a Philips Trilogy machine to treat her sleep apnea. [DE 1 at 2]. The machine then caught on fire, causing her to suffer second degree burns on her face and her home to burn down. [*Id.* at 8].

Washington later passed away from causes unrelated to her injuries. Plaintiff Shenna Coles was appointed as the personal representative of the estate on November 11, 2022. [DE 14 at 3]. On October 3, 2024, an Order to Appear and Show Cause was issued, but was not delivered because Coles had moved out of the state. [*Id.* at 4]. On October 16, 2024, Coles's status as personal representative was revoked. [*Id.*]. This lawsuit was filed on November 7, 2024. [DE 1].

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of subject matter jurisdiction. The Defendant does not challenge the existence of diversity jurisdiction, which is apparent on the face of the complaint—complete diversity exists between the Plaintiff and

Defendants, [DE 1 at 2–4], and the amount in controversy exceeds $75,000, [DE 1 at 5]. *See* 28 U.S.C. § 1332.

Defendant instead challenges Plaintiff's standing. [DE 11 at 3]. Individuals, including a decedent's family members, do not have standing to sue on behalf of a decedent's estate without the proper legal authority to do so. North Carolina law allows only an authorized representative to bring a claim on behalf of an estate. *See* N.C. Gen. Stat. § 28A-18-1. A person becomes an authorized representative by applying for, and receiving, letters of administration from the local clerk of court. *See In re Cogdill's Estate*, 99 S.E.2d 785, 786 (N.C. 1957).

Defendant contends, that, at the time of the initiation of this lawsuit, Plaintiff lacked the legal authority to sue on behalf of the decedent because her letters of administration had been revoked. [DE 11 at 5]. The Plaintiff does not contest that she lacked these letters. [DE 14 at 4]. Instead, she contends that she has cured the deficiency, and that the cure relates back to the date of original filing. [*Id.*].

Under North Carolina law, the lack of letters of administration is not automatically fatal to a suit—instead, the "lack of letters of administration may be cured, and an objection to want of capacity to sue, may be avoided by amendment or by substitution of the proper party at any time before hearing." *Graves v. Welborn*, 133 S.E.2d 761, 765 (N.C. 1963).

The Plaintiff has indeed cured such defects here. She has petitioned to reopen the estate, and obtained new letters of administration. [DE 14, Ex. A]. She has ratified the proceeding of this lawsuit by continuing to file papers and to participate in its prosecution. *See, e.g., Long v. Coble*, 182 S.E.2d 234, 238 (N.C. App. 1971) (finding ratification of action where counsel for plaintiff participated in said action). And, finally, there is no meaningful prejudice to the Defendants— Coles has been the named representative from the beginning, the parties are currently participating

in mediation, and no discovery has yet commenced. The existence of this suit, and the participation of Plaintiff Coles in it, cannot come as a surprise.

The Defendants argue in response that, even though Coles's status as authorized representative of the estate has been restored, her status could lapse in the future following the closure of the estate. [DE 17 at 3]. This may be true, but those are not the facts before the Court. It is well-established that a Court should not "make decisions based on assertions as to hypothetical events that might occur in the future." *McLaughlin v. Day & Zimmerman Int'l Co.*, 2009 WL 10689227, at *9 (E.D. Va. 2009). At this time, Coles is the duly authorized representative of Sheila Washington's estate, and this case may proceed. *See* Fed. R. Civ. P. 17(a)(3) ("After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").

## CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 10] is DENIED.

SO ORDERED, this 23 day of May 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE